# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LISA SKINNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16 C 4522 |
| ) | |
| MIDLAND FUNDING, LLC, and ) | Judge Jorge L. Alonso |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lisa Skinner, filed a two-count complaint against Midland Funding, LLC, and Midland Credit Management, Inc. for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* ("FDCPA"). Before the Court is defendants' motion to dismiss [16]. For the reasons set out below, the motion is denied.

## BACKGROUND

Plaintiff incurred a debt of $1,405.00 for goods and services on a Chase Bank consumer credit account on which she eventually defaulted. (Compl. ¶¶ 11-12, 18.) Plaintiff alleges that Chase Bank charged off her account and stopped charging interest and late fees in June 2011. (*Id.* ¶¶ 13-14.) Subsequently, Chase Bank sold the debt to defendant Midland Funding, who then assigned the debt for collection to defendant Midland Credit Management. (*Id.* ¶¶ 17-19; Ex. E.) From March 2014 through January 2015, Midland wrongfully charged monthly interest on the debt, which resulted in a balance of $1,589.00. (*Id.* ¶ 21; Ex. F.) From February 2015 through February 2016, Midland did not charge plaintiff additional interest on the debt, but continued to report the $184.00 interest previously charged to plaintiff's account. (*Id.* ¶¶ 23-25.) Plaintiff contends that defendants had no statutory or contractual right to charge and collect interest on

her debt. (*Id*. ¶¶ 22, 27.) In April 2016, plaintiff filed this lawsuit alleging violations of 15 U.S.C §§ 1692f and 1692e of the FDCPA. Specifically, plaintiff asserts that Midland Funding attempted to collect an amount not authorized by the agreement or permitted by law, and that defendant Midland Credit Management misrepresented the amount and character of the debt and communicated false credit information to Equifax, the consumer reporting agency. (*Id*. ¶¶ 30, 32, 39.)

## STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a compliant must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported be mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

When ruling on a Rule 12(b)(6) motion, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 n.2 (7th Cir. 2013) (citing *Geinosky v. City of Chi.*, 675 F.3d 743, 745-46 n.1 (7th Cir. 2007)).

## DISCUSSION

Defendants argue that plaintiff's claims are barred by the FDCPA's one-year statute of limitations because they arose in March 2014, two years before plaintiff filed her complaint. (Defs.' Mot. at 1.) Defendants further contend that the continuing violation doctrine does not apply. (*Id*. at 5-6.) Plaintiff argues that she did not discover the FDCPA violations until she requested her credit reports in August 2015 and March 2016. (Pl.'s Resp. at 5; Exs. E & F.) She further asserts that her complaint "should be allowed to stand so long as there is 'any set of facts that if proven would establish a defense to the statute of limitations.'" (*Id.* at 6 (quoting *Clark v. City of Braidwood,* 318 F.3d 764, 768 (7th Cir. 2003)).) Plaintiff also contends that even if her § 1692f claim fails as outside the statute of limitations, her § 1692e claim survives because defendants reported varying balances in February 2016 and March 2016. (*Id*. at 8-9.) Defendants argue that the conduct plaintiff challenges in February 2016 is identical to the March 2014 conduct and that plaintiff is improperly relying on the continuing violation doctrine. (Defs.' Reply at 2.) Moreover, defendants argue that the March 2016 reporting was neither false nor misleading because it included only the $1,405.00 undisputed debt without the additional $184.00 disputed interest. (*Id*. at 4-5.) Despite conceding that recent decisions in the Northern District of Illinois have held that the discovery rule applies to the FDCPA, defendants argue that it should not apply because Congress expressed a clear intent that the statute of limitations should run at the occurrence of the injury rather than the discovery of it. (*Id*. at 6-7.) Further,

3

defendants contend that plaintiff did not allege a specific date when she became aware of the injury until her response to the motion to dismiss. (*Id.* at 7.) Finally, defendants assert that they made no effort to conceal the debt reporting from plaintiff and she could have run her credit report (and thus discovered the injury) any time before the statute of limitations ran in March 2015. (*Id.*)

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt.*, *LP*, 559 F.3d 671, 674 (7th Cir. 2009). However, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Id.* at 674-75. "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment, at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.,* 782 F.3d 922, 928 (7th Cir. 2015) (parenthetical omitted). "The rule that postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured is the discovery rule of federal common law, which is read into statutes of limitations in federal-question cases in the absence of a contrary directive from Congress." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir. 1990) (internal quotations and parenthetical omitted). "[T]he FDCPA contains no such provision signaling congressional intent to preclude application of the discovery rule to that Act." *Johnson-Morris v. Santander Consumer USA, Inc.* 194 F. Supp. 3d 757, 763 (N.D. Ill. 2016) (holding that the discovery rule applies to an FDCPA claim); *see Greenfield v. Kluever & Platt, LLC,* No. 09 C 3576, 2010 WL 604830, at *2 (N.D. Ill. Feb. 16, 2010) (denying a motion to dismiss based on the statute of

limitations, applying the discovery rule pursuant to *Cada,* and noting that Congress was silent on the issue of whether the discovery rule applied to the FDCPA.)

Absent binding precedent that the discovery rule does not apply to the FDCPA, the Court is persuaded by the reasoning of other courts in this district and applies the discovery rule in this case. While the complaint itself does not explicitly allege when plaintiff first learned of the inaccurate debt reporting, a credit report from TransUnion (attached to the complaint as Exhibit E) run in August 2015 or later, indicates a debt of $1,589.00 (the $1,405.00 initial debt plus the disputed $184.00 in interest). Accordingly, the Court finds that this exhibit supports an inference that plaintiff did not discover the improper credit reporting until August 2015 and may be able to establish a defense to the statute of limitations. For purposes of the motion to dismiss, the Court finds that plaintiff's complaint, filed in April 2016, is timely.

## **CONCLUSION**

For the reasons set forth above, defendants Midland Funding, LLC and Midland Credit Management's motion to dismiss [16] is denied. Defendants shall answer the complaint by April 18, 2017. Status hearing set for April 25, 2017 at 9:30 a.m.

**SO ORDERED.**                                                                 **ENTERED: March 27, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**